18-3755
*Johnson v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-two.

PRESENT:
>       AMALYA L. KEARSE,
>       JOHN M. WALKER, JR.,
>       RICHARD J. SULLIVAN,
>               *Circuit Judges.*

_____

JAMES JOHNSON,

>       *Petitioner-Appellant,*

>       v.                                                                No. 18-3755

UNITED STATES OF AMERICA,

>       *Respondent-Appellee.*

_____

| | |
|---|---|
| **For Petitioner-Appellant:** | Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY. |
| **For Respondent-Appellee:** | Scott Hartman, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED**.

Petitioner-Appellant James Johnson appeals an order of the district court (Seibel, *J.*) denying his motion to vacate his conviction and sentence for violating 18 U.S.C. § 924(c). Johnson was arrested for his involvement in a street gang that engaged in narcotics trafficking, robbery, murder, and attempted murder in and around Yonkers, New York. Pursuant to a plea agreement, Johnson pleaded guilty to one count of conspiracy to violate federal racketeering laws in violation of 18 U.S.C. § 1962(d) ("RICO Conspiracy") and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii). The RICO Conspiracy count had two objects: (1) the attempted murder of a rival gang member and (2) a conspiracy to distribute marijuana. The predicate crime of violence for the section 924(c) count was the RICO conspiracy. The district court sentenced Johnson to a total of 194 months' imprisonment – 110 months on the RICO Conspiracy count followed by 84 months on the firearms count.

After Johnson filed a notice of appeal, Johnson's counsel filed an *Anders* brief on the grounds that there were no non-frivolous issues to be raised on appeal; the government thereafter moved to dismiss the appeal based on the appellate waiver in Johnson's plea agreement. This Court granted defense counsel's *Anders* motion and dismissed Johnson's appeal.

Ten months later, Johnson filed a pro se motion to vacate his convictions pursuant to 28 U.S.C. § 2255. In that motion, Johnson challenged the validity of his section 924(c) conviction, among other things. The district court denied Johnson's motion and declined to issue a certificate of appealability. Johnson then filed a pro se notice of appeal and sought a certificate of appealability from this Court.

While Johnson's request for a certificate of appealability was pending, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" of section 924(c) is unconstitutionally vague. *See id.* at 2336. Thus, the "elements clause" is the only remaining valid definition of a crime of violence for purposes of section 924(c). This Court then decided *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), which held that robbery conspiracy is not a crime of violence for purposes of section 924(c). *See id.* at 127–28. In January 2020, Johnson, now represented by counsel, filed a renewed certificate of appealability application, which the government did not oppose and which a motions panel of this Court granted "on the issue of whether [Johnson's] 18 U.S.C. § 924(c) conviction can be sustained in light of *United States v. Davis*." ECF No. 51. We address that issue now.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The purported "crime of violence" on which Johnson's section 924(c) conviction is predicated is RICO Conspiracy, which this Court recently held "is not a crime of violence" and therefore is not a "valid predicate[] for [a section] 924(c) charge[]." *United States*

4

*v. Capers*, 20 F.4th 105, 119–20 (2d Cir. 2021). In light of these holdings, we vacate the district court's denial of Johnson's section 2255 petition and remand to the district court for it to vacate Johnson's section 924(c) conviction and resentence him.

Accordingly, we **VACATE** the order of the district court, and we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court